IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK A ZAVALA, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00199-FB |
| vs. | § § § | |
| AMERIGROUP INSURANCE, ANTHEM COMPANY, AMERICAN MEDICAL RESPONSE, TEXAS HEALTH AND HUMAN SERVICES, | § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1] and proposed Complaint. This case was automatically referred to the undersigned upon filing for disposition of Plaintiff's motion to proceed *in forma pauperis* (IFP).

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140.  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is employed and receives monthly disability or worker's compensation payments.  (IFP Motion [#1] at 1.)  The motion does not, however, include any information regarding the amount of Plaintiff's gross pay or wages, the amount of his other monthly income, or a list of his expenses.  The undersigned is unable to adequately evaluate Plaintiff's financial circumstances based on the limited information before the Court.

Therefore, the Court will order Plaintiff to supplement his IFP motion with an additional affidavit describing each source of money, the amount received in the past, and the amount anticipated to be received in the future.  Plaintiff must also list his regular monthly expenses and their amounts.  If Plaintiff fails to provide the Court with the requested supplementation, his motion to proceed IFP will be denied and he will be required to pay the filing fee to proceed with this case.

**IT IS THEREFORE ORDERED** that Plaintiff file the described supplementation, sworn as true and correct under penalty of perjury, on or before **March 23, 2022**.

**IT IS SO ORDERED.**

SIGNED this 9th day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE