IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK A ZAVALA, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00199-FB |
| vs. | § § | |
| AMERIGROUP INSURANCE, ANTHEM COMPANY, AMERICAN MEDICAL RESPONSE, TEXAS HEALTH AND HUMAN SERVICES, | § § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs.

After reviewing the motion, the Court concluded that Plaintiff's motion was insufficient to determine his indigency and ordered supplementation with an additional affidavit describing his source of income and monthly expenses. As directed, Plaintiff filed a supplemental motion to proceed IFP [#3]. Having considered the supplemental documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that he receives $875 in disability benefits and has monthly expenses exceeding his monthly income.[2]

This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1]. Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[3]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names four Defendants—Amerigroup Insurance, Anthem Company, American Medical Responders d/b/a Access to Care, and Texas Health and Human Services.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] The Court notes that Plaintiff references desiring a "court appointment" in his supplemental filing.  (Suppl. [#3], at 2.)  Insofar as Plaintiff is requesting the appointment of an attorney, the Court instructs Plaintiff to file a separate motion to that effect, setting forth the exceptional circumstances justifying the appointment of counsel in this case.

[3] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

(Pl.'s Compl. [#1-1] at 2–3.)  Plaintiff's Complaint indicates that he is asserting claims under 42 U.S.C. § 1983 for violation of his First Amendment right to free speech and his Fourteenth Amendment right to equal protection under the laws.  (*Id.* at 3.)  The Court is, however, unable to discern from Plaintiff's Complaints the nature of the facts underlying his claims.  Plaintiff states that he has not been paid for going to his doctor's appointments, has been treated unfairly, and is a victim of disability discrimination and the "bad faith wrongful denial [of] benefits."  (*Id.* at 4.)  There are no additional facts included in Plaintiff's Complaint that shed light on the nature of his legal injury and the acts of each specific Defendant allegedly causing that injury.

Federal courts like this one are courts of limited jurisdiction.  This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Although Plaintiff has asserted constitutional claims pursuant to Section 1983, he has not yet pleaded sufficient facts to support his constitutional claims.  Plaintiff may be attempting to sue under state law, and some state law claims can be brought in federal court.  But for this Court to have diversity jurisdiction over state law claims, the matter in controversy must exceed $75,000 and be between citizens of different states.  *Id.* at § 1332(a).  Typically, cases that involve smaller disputes about state law matters must be brought in state court.  The Court is unable to determine what claims Plaintiff is attempting to bring against the Defendants named in this suit, whether the Court has jurisdiction over such claims, and if so whether Plaintiff has a plausible legal claim against any of the named Defendants.  To assist the Court in evaluating its jurisdiction and the plausibility of Plaintiff's claims, the Court will instruct Plaintiff to file a More Definite Statement as set forth below.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **April 20, 2022**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should include the following information:

- Please describe your relationship with Amerigroup Insurance.  What are the specific actions that this Defendant undertook that you believe caused you injury?  When did these actions occur?  Please provide specific dates where possible.  What is your injury?

- Please describe your relationship with Anthem Company.  What are the specific actions that this Defendant undertook that you believe caused you injury? When did these actions occur?  Please provide specific dates where possible.  What is your injury?

- Please describe your relationship with American Medical Responder d/b/a Access to Care.  What are the specific actions that this Defendant undertook that you believe caused you injury?  When did these actions occur?  Please provide specific dates where possible.  What is your injury?

- Please describe your relationship with Texas Health and Human Services.  What are the specific actions that this Defendant undertook that you believe caused you injury?  When did these actions occur?  Please provide specific dates where possible.  What is your injury?

- How did these Defendants deny your right to freedom of speech?

- How did these Defendants treat you differently from others in your same position so as to violation your right to equal protection?

- What procedures do you believe you were due that you were denied by these Defendants?

- What is your disability? How do you believe you were discriminated against on account of this disability by these Defendants?

Plaintiff shall include the following declaration at the end of his more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this ____ day of _____2022.

_____
Signature of Plaintiff

---

If Plaintiff fails to comply with this Order, or fails to fully answer the questions listed in this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

5

**IT IS SO ORDERED.**

SIGNED this 30th day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE