IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK A ZAVALA, | § | |
| *Plaintiff*, | § § § | SA-22-CV-00199-FB |
| vs. | § § | |
| AMERIGROUP INSURANCE, ANTHEM COMPANY, AMERICAN MEDICAL RESPONSE, TEXAS HEALTH AND HUMAN SERVICES, | § § § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the undersigned's review of the pleadings pursuant to 28 U.S.C. § 1915(e). This case was automatically referred to the undersigned upon filing for disposition of Plaintiff's motion to proceed *in forma pauperis* (IFP) and a review of the pleadings. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The record reflects that the Court granted Plaintiff's motion to proceed *in forma pauperis* on March 30, 2022, and ordered Plaintiff to file a More Definite Statement of the claims he is asserting in this lawsuit to assist the Court in determining whether Plaintiff's Complaint should be served on Defendants. The Court received several filings from Plaintiff on April 19, 2022: a "Motion for Affidavit of Claims" [#6], a demand for jury trial [#7], and a request for depositions [#8]. The Court construes the motion as the ordered More Definite Statement. Having reviewed Plaintiff's Complaint [#5] and More Definite Statement [#6], and for the reasons set forth below, it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. §1915(e).

1

## I. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A claim should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's Complaint names four Defendants—Amerigroup Insurance, Anthem Company, American Medical Responders d/b/a Access to Care, and Texas Health and Human Services.  (Compl. [#5], at 2–3.)  Plaintiff's Complaint indicates that he is asserting claims under 42 U.S.C. § 1983 for violation of his First Amendment right to free speech and his Fourteenth Amendment right to equal protection under the laws.  (*Id.* at 3.)  The Court is, however, unable to discern from Plaintiff's Complaint the nature of the facts underlying his claims.  The Complaint alleges that Plaintiff has not been paid for going to his doctor's appointments, has been treated unfairly, and is a victim of disability discrimination and the "bad faith wrongful denial [of] benefits."  (*Id.* at 4.)  There are no additional facts included in Plaintiff's Complaint that shed light on the nature of his legal injury or the acts of each specific Defendant allegedly causing that injury.

Plaintiff's More Definite Statement provides the Court with additional factual allegations as well as 50 pages of records related to his Complaint.  The More Definite Statement clarifies that Plaintiff's Complaint concerns his frustration with his insurance company, Defendant

2

Amerigroup Insurance, due to his belief that he should have been reimbursed for various non-emergency medical transportation trips to and from medical appointments throughout 2018 to 2022 provided by Defendant American Medical Response. (More Definite Statement [#6], at 1–59.) Plaintiff alleges that he has a pituitary tumor and suffers from multiple medical conditions requiring frequent medical appointments. (*Id.* at 1–9.) Correspondence between Plaintiff and Amerigroup Insurance from 2019 to 2022 discuss various requests for reimbursement from Plaintiff. (*Id.* at 28–45.) Amerigroup's multiple letters over this period of time indicate that the insurance company had received correspondence from Plaintiff but required additional documentation to process his claims. (*Id.* at 28–45.) In these letters, Amerigroup communicated that Plaintiff was repeatedly provided with a contact at Amerigroup; Plaintiff failed to return Amerigroup's calls; and Plaintiff never produced the requested documentation, ultimately leading to the closing of his claims. (*Id.*) Plaintiff's correspondence with Amerigroup Insurance during this time period summarizes his complaints about the quality of the medical care he has been provided, the lack of reimbursement for medical transportation by American Medical Response, and the failure of Amerigroup Insurance to approve his requests for x-rays and MRIs. (*Id.* at 20–26.)

Plaintiff also provides the Court with various letters from American Medical Response regarding the reimbursement requests for specific medical transportation trips from 2017 to 2022. A letter from American Medical Response in June 2016 informs Plaintiff of a new individual transportation program for which Plaintiff can receive reimbursement for Medicaid-covered medical services. (*Id.* at 10.) Based on the letters from 2018 to 2022, it is clear to the Court that Plaintiff relied on these services many times throughout this period but was denied reimbursement. (*Id.* at 11–19.) American Medical Response states repeatedly throughout its

correspondence with Plaintiff that it was unable to reimburse Plaintiff due to his failure to provide them with updated vehicle insurance and vehicle registration documents, his failure to include adequate information about the location of appointments, the failure to include doctor's signatures, the failure to request pre-authorization for the trip as required under Texas Health and Human Services Commission rules, and the fact that there was no record of a medical appointment with any doctor on one of the dates of requested reimbursement. (*Id.*) Plaintiff includes with his More Definite Statement documentation that he was an approved driver for a vehicle that was inspected, registered, and insured as of June 2021. (*Id.* at 55–56.) Although Plaintiff provides the Court with fax receipts indicating he sent some faxes in August and September 2021, it is not clear what documents Plaintiff sent via fax and to whom. (*Id.* at 46–54.)

The only reference in the More Definite Statement to the other two Defendants—Anthem Company and Texas Health and Human Services—is that these two entities, along with Amerigroup Insurance, approved Plaintiff in 2018 for some unidentified assistance program. (*Id.* at 1–8.) Additionally, Plaintiff provides the Court with a Texas Health and Human Services letter notifying him that he was eligible as of June 1, 2021, for Star Plus HCBS Program—a Medicaid managed care program for adults with disabilities. (*Id.* at 27.)

Construing these allegations liberally, the Court is still not convinced that Plaintiff has asserted a plausible federal cause of action in his pleadings or that the amount in controversy at issue would give rise to diversity jurisdiction, even assuming Plaintiff has a plausible state law clause of action against any Defendant. Federal courts like this one are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal

statute) or (b) fall under the Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  For this Court to have diversity jurisdiction over state law claims, the matter in controversy must exceed $75,000 and be between citizens of different states.  *Id.* at § 1332(a).  Typically, cases that involve smaller disputes about state law matters must be brought in state court.  There is no indication that the amount in controversy here would satisfy the jurisdictional minimum, even if Plaintiff could establish complete diversity of citizenship among Plaintiff and all Defendants or a plausible state law cause of action against any Defendant.

Plaintiff's Complaint references federal causes of action arising under 42 U.S.C. § 1983—free speech and equal protection violations—and the More Definite Statement references the violation of a right to due process. (More Definite Statement [#6], at 1–8.)  Plaintiff has failed to state a plausible cause of action under any of these federal constitutional provisions.  Nothing in his pleadings relates to the exercise of his First Amendment right to free speech.  Nor has Plaintiff made any allegations that he was treated differently than other similarly situated persons with respect to his medical reimbursements such that he might have a claim under the Equal Protection Clause.  *See Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 ("To establish an equal protection claim, [a plaintiff] must first show that 'two or more classifications of similarly situated persons were treated differently' . . . .").  Finally, even if there were some constitutional dimension to the process for reimbursing medical claims, the correspondence attached to Plaintiff's More Definite Statement establishes that any claim that Plaintiff's right to procedural due process was violated by any Defendant is frivolous.  There are numerous letters attached to Plaintiff's pleadings from Amerigroup Insurance and American Medical Response in an attempt to process Plaintiff's reimbursement requests.  Plaintiff has failed to specify the process he believes he was due, the specific due process deprivation he suffered, and how he

complied with his responsibilities to ensure processing of his claims as detailed in the letters before the Court.  Finally, Section 1983 claims can only be brought against state actors or those acting in concert with state actors.  *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Only one of the four named Defendants is a state actor, and Plaintiff does not allege any facts regarding any agreement between Texas Department of Health and Human Services and any of the other Defendants to deprive Plaintiff of his constitutional rights.  *See id.* (explaining that a non-state actor may be liable under Section 1983 only if the private actor was a "willful participant in joint activity with the State or its agents").

In summary, Plaintiff has failed to state a plausible federal cause of action in his pleadings that could give rise to this Court's federal question jurisdiction, and there is no indication from his pleadings that the requirements of diversity jurisdiction are satisfied. Accordingly, Plaintiff's Complaint should be dismissed as frivolous and for lack of jurisdiciton.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file

the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 10th day of May, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE